WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette-Lynn McKenna, | No. CV-21-08271-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| HP Incorporated, et al., | |
| Defendants. | |

Plaintiff filed this case naming 95 individual Defendants and 20,000,000 fictitious Defendants. While it is impossible to accurately summarize the nature of the suit, in very broad terms, Plaintiff takes issue with the COVID-19 vaccines.

Of the named Defendants, it appears that only 5 are in the state of Arizona. Preliminary, the Court is skeptical that it has personal jurisdiction over various people and businesses in other states. The Court is virtually certain it does not have personal jurisdiction over the Governors of nearly every state in the United States, all of whom are named among the 95 Defendants. Further, certain constitutional provisions, like the Eleventh Amendment immunity, may bar suit against the States. Additionally, other bars to suit, like executive privilege (as to President Biden) and prosecutorial immunity (as to the U.S. Attorney for Arizona and Acting U.S. Attorney for Arizona and Attorney General of Arizona) may also bar this suit. Various other bars may also be implicated by the complaint.

But more fundamentally, to invoke the jurisdiction of the Federal Courts, a

complaint cannot be wholly without merit. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' [are] 'wholly insubstantial,' [or are] 'obviously frivolous,'...." *Hagans v. Lavine,* 415 U.S. 528, 537 (1974) (citations omitted); *see also Bell v. Hood,* 327 U.S. 678, 682–83 (1946); *Gilder v. PGA Tour, Inc.,* 936 F.2d 417 (9th Cir. 1991). As another Court has explained:

> A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A federal court lacks jurisdiction to consider claims that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974).
> Thus, a claim "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (citations and internal quotation marks omitted); *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989) ("[a] patently insubstantial complaint may be dismissed ... for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction").

*Arnold v. United States*, No. 19-CV-05147-SVK, 2020 WL 732995, at *1 (N.D. Cal. Feb. 13, 2020), *appeal dismissed,* No. 20-15277, 2020 WL 4873752 (9th Cir. May 22, 2020).

In this case, the complaint alleges that any number of Defendants have committed "crimes" including: First Amendment violations, Sherman Act violations, Patent Fraud, Biological Warfare, Homicide, and Felony Murder. (Doc. 1 at 17-22). The complaint asks that Dr. Fauci and the CDC be "charged" with 13 separate crimes. (Doc. 1 at 26). It further asks that "the mentioned above people should and shall be prosecuted immediately." (*Id.*). The complaint also seeks 162 billion dollars in damages. (*Id.* at 17).

There is no private right of action for violations of criminal statutes. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (noting that there is no private right of action for a violation of a criminal statute). Thus, every count in the complaint fails for this reason alone; namely, that it seeks criminal prosecution of the Defendants.

Additionally, as indicated above, the complaint names 95 distinct Defendants, yet it is only 27 pages. It is obvious that in 27 pages, Plaintiff could not, and did not, plead

individualized claims against each Defendant.

To state a claim against multiple defendants, a plaintiff cannot use a "shotgun" pleading approach by lumping all defendants together. Specifically,

> Related to plausibility and particularity is the concept of shotgun pleading. Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable. One common theme of Rule 8(a), Rule 9(b), *Iqbal*, *Twombly*, and federal securities laws on pleading is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong.
> …
> One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then "each count incorporates every antecedent allegation by reference [.]" *Byrne*, 261 F.3d at 1129.

*Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010).

Further, it is an unreasonable strain on judicial resources to expect this Court to entertain 95 separate motions to dismiss, all of which would be well taken, because Plaintiff's complaint is written in an entirely frivolous manner. *See Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction"). For example, Plaintiff's complaint contains "Whereas" resolutions at pages 18-20 which are seemingly copied from some other document and have no bearing on this case. Pages 23 and 24 of the complaint appear to be a recounting of Plaintiff's aversion to wearing a face mask, which again has no bearing on this case or the Defendants named herein. In sum, the complaint appears to be nothing more than Plaintiff's stream of consciousness ramblings about various public health matters with which she disagrees, but does not cogently state a claim against any, much less all, Defendants. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal with prejudice of a verbose, argumentative, and redundant amended complaint that did not comply with Federal Rule of Civil Procedure 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint

that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend a second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

Thus, the Court concludes that the complaint in this case is so frivolous and devoid of merit that it fails to invoke the jurisdiction of this Court. *Hagans,* 415 U.S. at 537. Thus, the complaint is dismissed. Because this Court has dismissed this complaint for lack of federal subject matter jurisdiction, the Court is not required to grant leave to amend. *Cf. Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (discussing leave to amend when a complaint is dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)). Accordingly,

**IT IS ORDERED** that the complaint is dismissed in its entirety and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot.

Dated this 17th day of December, 2021.

James A. Teilborg
Senior United States District Judge